VELMA K. LIM, SBN 111006
KROLOFF, BELCHER, SMART,
PERRY & CHRISTOPHERSON
7540 Shoreline Drive
Stockton, CA 95219
Phone: (209) 478-2000
Facsimile: (209) 478-0354
Email: vlim@kroloff.com

Attorneys for Defendant
COUNTY OF SAN JOAQUIN, *sued erroneously as* DISTRICT ATTORNEY'S OFFICE COUNTY OF SAN JOQUIN

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO BRANCH

| | |
|---|---|
| JANIS TRULSSON, | CASE NO. **2:11-CV-02986-KJM-GGH** |
| Plaintiff, | **DEFENDANT COUNTY OF SAN JOAQUIN'S ANSWER TO COMPLAINT FOR GENDER DISCRIMINATION AND RELATED CLAIMS** |
| vs. | |
| COUNTY OF SAN JOAQUIN, THE DISTRICT ATTORNEY'S OFFICE, and DOES 1 through 10, inclusive, | |
| Defendants. | |

Defendant County of San Joaquin (hereinafter referred to as "Defendant") answers the complaint of Plaintiff Janis Trulsson by admitting, denying, and/or alleging the following:

1. Defendant admits the allegations contained in paragraph 1.

2. Defendant admits the allegations contained in paragraph 2.

3. Defendant denies that James P. Willet, District Attorney, made any decisions that were discriminatory against Plaintiff. Defendant admits the remaining allegations contained in paragraph 3.

4. Defendant admits the allegations in paragraph 4.

5. Defendant admits that Plaintiff is a female and hired by Defendant County of San Joaquin on or about July 13, 1981 with the Sherriff's department. Defendant is without sufficient

information or belief to answer the remaining allegations contained in paragraph 5 and, on that ground, denies the remaining allegations.

6. Defendant admits that Plaintiff's father, Cal Moss, worked as a District Attorney Investigator. Defendant is without sufficient information or belief to answer the remaining allegations contained in paragraph 6 and, on that ground, denies the remaining allegations.

7. Defendant admits that Plaintiff was promoted to the tenant and was the first woman to hold such a position in the District Attorney's office. Defendant also admits that Plaintiff was assigned to work in the investigations unit at the Family Support Division. Defendant denies the remaining allegations contained in paragraph 7.

8. Defendant admits that Plaintiff was nominated for the CDAIA "investigator of the year" award, served on the executive committee of the CDAIA, is a graduate of the FBI National Academy, and served as the President of the California chapter of the FBI National Academy Associates. Defendant is without sufficient information or belief to answer the remaining allegations contained in paragraph 8 and, on that ground, denies the remaining allegations.

9. Defendant admits that Plaintiff was the first female promoted to the position of Assistant Chief Investigator in the County's District Attorney's office. Defendant denies the remaining allegations contained in paragraph 9.

10. Defendant admits that Chief Investigator Larry Ferrari had a discussion with Plaintiff sometime in March 2011 that funding was being eliminated for the Assistant Chief position. Defendant denies the remaining allegations contained in paragraph 10.

11. Defendant admits that sometime in March 2011, District Attorney James Willet discussed with Plaintiff the elimination of the Assistant Chief position along with several other positions and admits that he informed Plaintiff that he was submitting a supplemental budget in an attempt to restore attorney positions and investigative assistant positions. Defendant denies the remaining allegations contained in paragraph 11.

12. Defendant admits that in March and April 2011, District Attorney James Willet held a couple of office meetings to explain positions that were being eliminated and his proposal to submit a supplemental budget request. Defendant denies the remaining allegations contained in paragraph 12.

13. Defendant admits that on July 7, 2011, Plaintiff was terminated as a result of the elimination of the Assistant Chief Investigator job position in the District Attorney's office. Defendant denies the remaining allegations contained in paragraph 13.

14. Defendant is without sufficient information or belief to answer the remaining allegations contained in paragraph 14 and, on that ground, denies each allegation contained in the remaining allegations contained in the paragraph.

## FIRST CLAIM
### Gender Discrimination Under Title VII and FEHA

15. Defendant incorporates by reference its responses in answer to paragraphs 1 through 14 as though set forth herein.

16. Defendant denies each allegation continued in paragraph 16.

17. Defendant admits that in Fall 2005, Larry Ferrari and Plaintiff were Lieutenant D.A. Investigators and were among those considered to be appointed to Assistant Chief Investigator and admits James Willet selected Larry Ferrari as Assistant Chief due to his superior qualifications. Defendant denies the remaining allegations contained in paragraph 17.

18. Defendant denies the allegations contained in paragraph 18.

19. Defendant denies the allegations contained in paragraph 19.

20. Defendant denies the allegations contained in paragraph 20.

21. Defendant denies the allegations contained in paragraph 21.

22. Defendant denies the allegations contained in paragraph 22.

## SECOND CLAIM
### Retaliation under the Fair Employment & Housing Act

23. Defendant incorporates by reference its responses in answer to paragraphs 1 through 22, as though set forth herein.

24. Defendant admits that on July 7, 2011, Plaintiff filed a Rule 20 Complaint with the Human Resources Department. Defendant denies the remaining allegations contained in paragraph 24.

25. Defendant denies the allegations contained in paragraph 25.

26. Defendant denies the allegations contained in paragraph 26.

27. Defendant denies the allegations contained in paragraph 27.

28. Defendant denies the allegations contained in paragraph 28.

29. Defendant denies the allegations contained in paragraph 29.

### THIRD CLAIM
### Failure to Correct Government Code §12940(k)

30. Defendant incorporates by reference its responses in answer to paragraphs 1 through 29 as though set forth herein.

31. Defendant denies the allegations contained in paragraph 31.

32. Defendant denies the allegations contained in paragraph 32.

33. Defendant denies the allegations contained in paragraph 33.

34. Defendant denies the allegations contained in paragraph 34.

35. Defendant denies the allegations contained in paragraph 35.

### PRAYER FOR RELIEF

1. Defendant denies the allegations contained in this paragraph.

2. Defendant denies the allegations contained in this paragraph.

3. Defendant denies the allegations contained in this paragraph.

4. Defendant denies the allegations contained in this paragraph.

### AFFIRMATIVE DEFENSES

As and for separate, distinct, and affirmative defenses, defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State Cause of Action)

1. As a first separate and affirmative defense to plaintiff's Complaint, the allegations, and each cause of action therein fail to state facts sufficient to constitute a cause of action against defendant.

### SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2. As a second separate and affirmative defense to plaintiff's Complaint, plaintiff's Complaint is barred by the applicable statute of limitations, including, but not limited to, the California Tort Claims Act, Government Code §§ 810-996.6, California Code of Civil Procedure § 339, 340, et seq., and any and all applicable sections, articles, parts, and/or divisions of any state or federal

regulatory, statutory, or case authority and/or the United States Constitution or the California Constitution.

### THIRD AFFIRMATIVE DEFENSE

### (No Liability of Public Entity Except by Statute)

3. As a third separate and affirmative defense to plaintiff's Complaint, defendant County of San Joaquin is a public entity as a political subdivision of the State of California and county employees are public employees; therefore, defendant is not liable to plaintiff for any injuries and damages incurred by plaintiff, except as allowed by statute in accordance with Government Code § 815. Furthermore, any injury or damages sustained by plaintiff did not arise out of any act or omission of defendant.

### FOURTH AFFIRMATIVE DEFENSE

### (Public Employee Immunity)

4. As a fourth separate and affirmative defense to plaintiff's Complaint, defendant County of San Joaquin is not liable for damages, if any, as alleged in the Complaint by reason of the provisions of Government Code §815.2(a) and (b) in that a public entity is not liable for any injury or damages resulting from any act or omission of any employee of the public entity where the employee is immune from liability; employees of the County of San Joaquin are immune from personal liability as the employees acted within the course and scope of their employment.

### FIFTH AFFIRMATIVE DEFENSE

### (General Governmental Immunities)

5. As a fifth separate and affirmative defense to plaintiff's Complaint, defendant is immune from liability for any and all causes of action alleged in the complaint and for plaintiff's injuries and damages, if any, pursuant to governmental immunities provided in California Government Code §§ 815-895.8, case law, and other legal authority.

### SIXTH AFFIRMATIVE DEFENSE

### (Discretionary Immunity)

6. As a sixth separate and affirmative defense to plaintiff's Complaint, defendant is immune and disclaims any liability for injuries or damages sustained by plaintiff, if any, that were

allegedly caused by any act or omission as the result of the exercise of discretion vested in a public employee, pursuant to California Government Code § 820.2.

### SEVENTH AFFIRMATIVE DEFENSE

### (Good Faith Immunity)

7.    As a seventh separate and affirmative defense to plaintiff's Complaint, defendant is immune and disclaims any liability for injuries or damages sustained by plaintiff because defendant acted in good faith at all times, without malice, reckless disregard or deliberate indifference, within the scope of defendant's official duties, and with a reasonable belief in the lawfulness of their conduct. Defendant had no knowledge or reason to have known that defendant's alleged conduct was in violation of established constitutional rights or statutory law, as asserted by plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

### (Official Capacity)

8.    As an eighth separate and affirmative defense to plaintiff's Complaint, county employees acted at all times as alleged in the Complaint in their official capacities as agents, representatives, and employees of defendant County of San Joaquin and all such alleged conduct were within the scope of their agency and employment; therefore, county employees did not act as individuals for their own individual benefit.

### NINTH AFFIRMATIVE DEFENSE

### (Immunity for Third Party Conduct)

9.    As a ninth separate and affirmative defense to plaintiff's Complaint, defendant is not liable for plaintiff's injuries and damages since a public entity or public employee is not liable for any injury or damage caused by the act or omission of another person, pursuant to California Government Code § 820.8.

### TENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust General Administrative Remedies)

10.    As a tenth separate and affirmative defense to plaintiff's Complaint, plaintiff's causes of action are barred in their entirety because plaintiff has failed to exhaust required administrative remedies, both through defendant's internal grievance process and through state and/or federal

government administrative agencies, which are condition precedents to the commencement of this action.

### ELEVENTH AFFIRMATIVE DEFENSE

**(Failure to Exhaust Administrative Remedies - Governmental Claims)**

11. As an eleventh separate and affirmative defense to plaintiff's Complaint, plaintiff is precluded from bringing any cause of action against defendant because plaintiff has failed to exhaust required administrative remedies, specifically governmental claims requirements as set forth in California Government Code §§ 900-996.6.

### TWELFTH AFFIRMATIVE DEFENSE

**(Immunity from Punitive Damages)**

12. As a twelfth separate and affirmative defense to plaintiff's Complaint, defendant County of San Joaquin is a public entity and county employees acted at all times as agents, representatives, and employees of the County of San Joaquin; therefore, defendant is immune from and cannot be liable for punitive or exemplary damages pursuant to California Government Code § 818.

### THIRTEENTH AFFIRMATIVE DEFENSE

**(Good Faith Conduct)**

13. As a thirteenth separate and affirmative defense to plaintiff's Complaint, defendant acted at all times in good faith, without any malice, fraud, oppression, or conscious disregard of plaintiff and acted with a reasonable belief in the lawfulness of its conduct.

### FOURTEENTH AFFIRMATIVE DEFENSE

**(Consent)**

14. As a fourteenth separate and affirmative defense to plaintiff's Complaint, plaintiff agreed, consented, and welcomed defendant's conduct which plaintiff claims were wrongful in the complaint.

### FIFTEENTH AFFIRMATIVE DEFENSE

**(Reasonable Conduct)**

15. As a fifteenth separate and affirmative defense to plaintiff's Complaint, defendant exercised reasonable care to avoid, prevent, and remedy discrimination and harassment in the

workplace and allege that plaintiff had failed to act with reasonable care to take advantage of defendant's safeguards and procedures to prevent harm to plaintiff that could have been avoided.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Res Judicata and Collateral Estoppel)

16. As a sixteenth separate and affirmative defense to plaintiff's Complaint, plaintiff's legal action is barred by the doctrine of res judicata and/or collateral estoppel by virtue of a prior adjudication of the same issues alleged herein; furthermore, plaintiff's allegations are moot for reasons including, but not limited to, those set forth above.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

17. As a seventeenth separate and affirmative defense to plaintiff's Complaint, plaintiff has failed to exercise reasonable and ordinary care, caution, and prudence to mitigate any injuries and damages sustained by plaintiff; consequently, any recovery should be reduced or barred by such failure.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Comparative Negligence)

18. As an eighteenth separate and affirmative defense to plaintiff's Complaint, plaintiff failed to exercise ordinary care, caution, and prudence to avoid the events described in the complaint and the resulting injuries and damages, if any, sustained by plaintiff were the direct and proximate result of plaintiff's own fault, carelessness, and negligence.

### NINETEENTH AFFIRMATIVE DEFENSE
### (Assumption of the Risk)

19. As a nineteenth separate and affirmative defense to plaintiff's Complaint, plaintiff had reasonable knowledge and belief of the defect or condition alleged in the Complaint and voluntarily assumed the risk that plaintiff might be injured and damaged by risk of such defect or condition. Recovery for such injuries and damages as sustained by plaintiff, if any, is therefore barred.

///

///

## TWENTIETH AFFIRMATIVE DEFENSE

### (Civil Code §1431.2)

20. As a twentieth separate and affirmative defense to plaintiff's Complaint, under the law of comparative negligence and under the provisions of California Civil Code §1431.2, defendant should be required to pay only in proportion with defendant's own negligence, if any, by way of any judgment entered against defendant in this legal action.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Negligence of Third Persons)

21. As a twenty-first separate and affirmative defense to plaintiff's Complaint, other persons and entities, who are parties to this action and other persons and entities who have not been named in this action, were themselves at fault in and about the matters referred to in the Complaint, and such fault by other persons and entities proximately caused the injuries and damages sustained by plaintiff, if any.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

22. As a twenty-second separate and affirmative defense to plaintiff's Complaint, defendant alleges that subsequent to plaintiff's termination from employment, defendant discovered evidence of wrongful conduct by plaintiff which would have warranted termination; therefore, plaintiff's legal action is barred, or in the alternative, plaintiff's damages are reduced according to law.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Exclusive Remedy of Worker' Compensation)

23. As a twenty-third separate and affirmative defense to plaintiff's Complaint, this answering defendant is informed and believes, and thereon alleges with respect to any conduct by defendant as alleged in the Complaint, plaintiff's action is barred by the exclusive remedy of workers' compensation pursuant to Labor Code § 3600, et. seq.

///

///

///

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Workers' Compensation Set-Off)

24. As a twenty-fourth separate and affirmative defense to plaintiff's Complaint, this answering defendant alleges that should plaintiff receive workers' compensation benefits from the County of San Joaquin, for injuries alleged in the Complaint, defendant is entitled to a set-off from any verdict or judgment in the amount of the workers' compensation benefits.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Justification and Privilege)

25. As a twenty-fifth separate and affirmative defense to plaintiff's Complaint, any conduct engaged in, actions taken by or attributed to, or omissions by defendant are justified and privileged, with no liability of defendant.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

26. As a twenty-sixth separate and affirmative defense to plaintiff's Complaint, to the extent plaintiff's legal action relies on principles of equity, plaintiff's action is barred by the equitable doctrine of unclean hands.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Estoppel, Waiver, and Laches)

27. As a twenty-seventh separate and affirmative defense to plaintiff's Complaint, by reason of plaintiff's own conduct, this legal action is barred by the equitable doctrines of estoppel, waiver, and laches.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Pre-Judgment Interest Immunity)

28. As a twenty-eighth separate and affirmative defense to plaintiff's Complaint, defendant, as a public entity, is not subject to and is specifically excluded from recovery of any pre-judgment interest pursuant to California Civil Code § 3291.

///

///

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Costs and Sanctions to Public Entity)

29. As a twenty-ninth separate and affirmative defense to plaintiff's Complaint, defendant is entitled to and seeks damages, sanctions, and recovery under California Code of Civil Procedure§§1038, 128.5, and 128.7 because plaintiff has instituted this legal action in violation of the foregoing statutory provisions.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Reservation of Defenses and Immunities)

30. As a thirtieth separate and affirmative defense to plaintiff's Complaint, defendant reserves the right to alleges additional affirmative defenses and statutory immunities which may subsequently arise through discovery and litigation of this action; such additional affirmative defenses and immunities may hereafter be asserted by motion to the Court prior to and during the course of the trial of this action.

**WHEREFORE,** defendant prays for judgment in its favor as follows:

1. Plaintiff be awarded nothing by way of this legal action and plaintiff's action be dismissed;

2. Judgment be entered in favor of defendant;

3. Defendant be awarded attorneys' fees and costs of suit; and

4. For such other and further relief as the Court deems just and proper.

Dated: December 27, 2011

KROLOFF, BELCHER, SMART,
PERRY & CHRISTOPHERSON

By: /s/ Velma K. Lim
VELMA K. LIM
Attorneys for Defendant
COUNTY OF SAN JOAQUIN

G:\VKL\SAN JOAQUIN, COUNTY OF.EMPLOYMENT\TRULSSON v\003 PLEADINGS\ANSWER.docx(bbc)

## PROOF OF SERVICE

I am employed in the County of San Joaquin, State of California. I am over the age of 18 and not a party to the within action; my business address is 7540 Shoreline Drive, Stockton, California 95219.

On December 27, 2011, I served the following:

**DEFENDANT COUNTY OF SAN JOAQUIN'S ANSWER TO COMPLAINT FOR GENDER DISCRIMINATION AND RELATED CLAIMS**

☒ by placing [_] the original [X] a true copy thereof in sealed envelope(s), addressed as stated below, following my firm's ordinary business practices. I am readily familiar with my firm's practices for collecting and processing correspondence for mailing. On the same business day the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service, postage fully prepaid.

☐ by placing [_] the original [_] a true copy thereof in sealed envelope(s), addressed as stated below, and depositing such envelope(s) with the U.S. Postal Service, postage fully prepaid.

☐ by delivery by hand at _____ a.m./p.m., to the person(s) and address(es) stated below.

☐ by causing a true copy thereof to be delivered via facsimile to the fax machine telephone number of the addressee(s) as stated below. The facsimile was transmitted at _____ a.m./p.m. from fax machine telephone number (209) 478-0354 (reception)/(209) 956-7324 (W. Wing copy machine). The facsimile transmission was reported as complete and without error by a transmission report properly issued by the sending fax machine. A true and correct copy of said transmission report is attached hereto.

☐ by causing a true copy thereof to be placed in a sealed express envelope or package, addressed as stated below, and placed in a box or facility regularly maintained by the express service carrier or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, with delivery fees fully prepaid.

☐ by causing a true copy thereof to be delivered via e-mail or electronic transmission to the electronic notification addresses stated below. The e-mail or electronic transmission was sent at _____ a.m./p.m. from _____@kroloff.com. The transmission was reported as complete and without error.

*Attorney for Plaintiff, Janis Trulsson:*

Jill P. Telfer
Law Offices of Jill P. Telfer
331 J Street, Suite 200
Sacramento, CA 95814
jilltelfer@yahoo.com

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on December 27, 2011, at Stockton, California.

_____
BRANDY COSTA