IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT COURT OF CALIFORNIA

JANIS TRULSSON,

        Plaintiff,          No. 2:11-cv-02986-KJM-DAD

   vs.

COUNTY OF SAN JOAQUIN, THE
DISTRICT ATTORNEY'S OFFICE,
and DOES 1 through 10, inclusive,[1]

        Defendants.          ORDER
_____/

        This case is before the court on defendants' motion for relief from the court's scheduling order. For the reasons explained below, the motion is DENIED.

---

[1] The Ninth Circuit provides that "'[plaintiffs] should be given an opportunity through discovery to identify [] unknown defendants'" "in circumstances . . . 'where the identity of the alleged defendant[] [is] not [] known prior to the filing of a complaint.'" *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). Plaintiff is warned, however, that such defendants will be dismissed where "'it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.'" *Id.* (quoting *Gillespie*, 629 F.2d at 642). Plaintiff is further warned that Federal Rule of Civil Procedure 4(m), which states that the court must dismiss defendants who have not been served within 120 days after the filing of the complaint unless plaintiff shows good cause, is applicable to doe defendants. *See Glass v. Fields*, No. 1:09-cv-00098-OWW-SMS PC, 2011 U.S. Dist. LEXIS 97604 (E.D. Cal. Aug. 31, 2011); *Hard Drive Prods. v. Does*, No. C 11-01567 LB, 2011 U.S. Dist. LEXIS 109837, at *2-4 (N.D. Cal. Sep. 27, 2011).

I. BACKGROUND

Plaintiff filed her complaint on November 9, 2011, alleging several employment discrimination claims arising out of her former employment at the County of San Joaquin District Attorney's Office. (ECF 1.) Defendants filed a motion for summary judgment on May 13, 2013 (ECF 18), which is currently pending before the court.

The scheduling order in this case was issued on April 30, 2012 by Magistrate Judge Gregory G. Hollows, as authorized by this court. (ECF 11.) Judge Hollows set a deadline of April 1, 2013 for disclosure of expert witnesses, along with written reports prepared and signed by each expert witness in compliance with Federal Rule of Civil Procedure 26(a)(2)(B). Defendants assert that although they disclosed two of their expert witnesses, Thomas Sartoris and Grover Trask, on April 1, they were unable to provide their expert reports until April 10. (ECF 21-1 at 3.) Trask is a former District Attorney who, if allowed, would testify about the selection criteria for the Chief Investigator Position. (ECF 21-6.) Sartoris is a vocational expert who would testify about plaintiff's ability to find new work after being laid off by San Joaquin County. (ECF 21-8.) Defendants explain that Sartoris was on vacation and unreachable and Trask had not finished his report by April 1. (Decl. of Velma Lim ¶ 5, ECF 21-2.) On April 3, 2013, defendants' counsel sent a letter to plaintiff's counsel, explaining that she would provide expert reports by April 15, and proposing to extend the deadline for plaintiff to depose defendants' expert witnesses. (*Id.* ¶ 6; Ex. C, ECF 21-5.)

On April 17, 2013, plaintiff filed an objection to allowing the testimony of Sartoris and Trask at trial. Plaintiff does not object to defendants' third expert witness, Eric Volk, as his expert report was provided on the April 1 deadline. (ECF 17.) Defendants filed their motion for relief from scheduling order under Federal Rule of Civil Procedure 16 on May 24, 2013. (ECF 21.) Plaintiff filed an opposition on June 28, 2013.[2] (ECF 33.)

/////

/////

---

[2] Defendants' motion was originally incorrectly noticed before Magistrate Judge Dale Drozd, then was renoticed for this court's July 19, 2013 calendar. (ECF 25.)

II.     STANDARD

Rule 16(b)'s good cause standard focuses primarily on the diligence of the moving party and that party's reasons for seeking modification. *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 984 (9th Cir. 2011). If the moving party was not diligent, "the inquiry should end" and the motion to modify should not be granted. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609.

To demonstrate diligence under Rule 16, the movant may be required to show: (1) that he was diligent in assisting the court in creating a workable Rule 16 order; (2) that his noncompliance with a Rule 16 deadline is occurring, notwithstanding his diligent efforts to comply, because of the development of matters that could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that he was diligent in seeking amendment of the Rule 16 order, once it became apparent that he could not comply with the order. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999) (internal citations omitted).

Under Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, a party must disclose the identity of any expert witness, accompanied by a written report prepared and signed by the witness, and this disclosure must occur "at the times and in the sequence that the court orders," FED. R. CIV. P. 26(a)(2)(D). In the absence of a stipulation or a court order, the disclosures are to be made "at least 90 days before the date set for trial . . . ." *Id.* A party who fails to provide information or identify a witness when required by Rule 26(a) or 26(e) "is not allowed to use that information or witness . . . at a trial, unless the failure was substantially justified or harmless." FED. R. CIV. P. 37(c)(1). The burden is on the party facing sanctions to prove harmlessness. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001). In determining whether a violation of the discovery deadline is harmless, the court should consider "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the

3

1  trial; and (4) bad faith or willfulness in failing to make a timely disclosure." *Lanard Toys Ltd.*
2  *v. Novelty, Inc*., 375 F. App'x 705, 713 (9th Cir. 2010) (unpublished).

3      III.    ANALYSIS

4      Defendants argue that the scheduling order should be modified because they
5  have shown good cause: specifically, the failure of their expert witnesses to timely provide
6  their reports. (ECF 21-1 at 4.) But defendants have not shown that they themselves diligently
7  attempted to comply with the scheduling order. The unavailability of Sartoris and Trask at the
8  time the expert reports were due does not excuse defendants from taking steps to ensure that the
9  reports were available by the deadline, set nearly a year in advance. As plaintiff points out,
10 Sartoris's expert report reveals that defendants did not contact him until March 27, 2013, only
11 several days before the April 1 expert report deadline. (Ex. B, ECF 21-7.) Moreover,
12 defendants have not explained their delay in seeking leave to amend the scheduling order until
13 May 24, almost two months after they had already missed the April 1 deadline.

14     Defendants also assert that despite the lateness of their expert reports, Sartoris
15 and Trask should not be precluded from testifying at trial because none of the factors described
16 in *Lanard Toys* is present here. (ECF 21-1 at 4.) Plaintiff responds that she is prejudiced by
17 defendants' untimeliness because she did not have the reports of Sartoris and Trask before the
18 deadline for supplemental expert disclosures, meaning she was unable to make an informed
19 decision regarding whether to provide her own supplemental experts. (ECF 33 at 5.)

20     For the same reasons that defendants have not shown good cause to modify the
21 scheduling order under Rule 16(b), defendants also have not shown their failure to timely
22 provide expert reports under Rule 26 is justified. Moreover, plaintiff has been prejudiced as
23 she suggests by the lateness of the expert reports. Accordingly, defendants' motion is
24 DENIED.

25     IT IS SO ORDERED
26 DATED: August 29, 2013.

27                                                   UNITED STATES DISTRICT JUDGE
28