1
2
3
4
5
6
7
8                   UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  JANIS TRULSSON,                    No.  2:11-CV-02986 KJM DAD

12              Plaintiff,

13        v.                           FINAL JURY INSTRUCTIONS

14  COUNTY OF SAN JOAQUIN DISTRICT
    ATTORNEY'S OFFICE,
15
                Defendant.
16

17

18  DATED:  March 27, 2014.
19
20                                     _____
21                                     UNITED STATES DISTRICT JUDGE
22
23
24
25
26
27
28
                                  1

1    FINAL INSTRUCTION NO. 1:

2        Members of the Jury: Now that you have heard all of the evidence and the arguments of

3    the parties, it is my duty to instruct you as to the law of the case.

4        A copy of these instructions will be sent with you to the jury room when you deliberate.

5        You must not infer from these instructions or from anything I may say or do as indicating

6    that I have an opinion regarding the evidence or what your verdict should be.

7        It is your duty to find the facts from all the evidence in the case.  You, and you alone, are

8    the judges of the facts.  You must decide what the facts are and then apply those facts to the law

9    which I will give to you.  You must follow the law as I give it to you whether you agree with it or

10   not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or

11   sympathy.  That means that you must decide the case solely on the evidence before you.  You will

12   recall you took an oath to do so.

13       In following my instructions, you must follow all of them and not single out some and

14   ignore others; they are all important.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FINAL INSTRUCTION NO 2:

You are the sole judges of the evidence in this case and it is up to you to evaluate the witnesses and other evidence.  You are to perform this duty without bias, sympathy, prejudice, or what you think public opinion might be.  You must impartially consider all the evidence in the case, following the law as stated in these instructions.

FINAL INSTRUCTION NO. 3:

Some evidence may be admitted for a limited purpose only.  During this trial, when I instructed you that an item of evidence was being admitted for a limited purpose, that item of evidence must be considered only for that limited purpose and for no other.

FINAL INSTRUCTION NO. 4:

Some witnesses, because of education or experience, have been permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

1    FINAL INSTRUCTION NO. 5:

2        Several lay witnesses testified about their opinions during the trial.  You may, but are not

3    required to accept those opinions.  You may give any opinion whatever weight you think is

4    appropriate.

5        Consider the extent of the witness's opportunity to perceive the matters on which the

6    opinion is based, the reasons the witness gave for the opinion, and the facts or information on

7    which the witness relied in forming that opinion.  You must decide whether information on which

8    the witness relied was true and accurate.  You may disregard all or any part of an opinion that you

9    find unbelievable, unreasonable, or unsupported by the evidence.

6

FINAL INSTRUCTION NO. 6:

Certain charts and summaries not received in evidence have been shown to you in order to help explain the contents of records, documents, or other evidence in the case.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

1

FINAL INSTRUCTION NO. 7:

2   One chart has been received into evidence to illustrate information brought out in the trial.

3 A chart is only as good as the underlying evidence that supports it.  You should, therefore, give it

4 only such weight as you think the underlying evidence deserves.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FINAL INSTRUCTION NO. 8:

All persons stand equal before the law, and are to be dealt with as equals in a court of justice.  San Joaquin County is entitled to the same fair and conscientious consideration by you as any party.

1          FINAL INSTRUCTION NO 9:

2          You should not necessarily decide any issue of fact in favor of the side that brought more

3    witnesses or evidence at trial.

4          The test is which evidence convinces you because it is most believable.

5          In deciding contested issues, you should keep in mind who has the burden of proof on that

6    issue.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FINAL INSTRUCTION NO 10:

The evidence in this case consists of the sworn testimony of the witnesses and all exhibits received into evidence.  In reaching your verdict, you may consider only the testimony and exhibits received into evidence.

Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)  Arguments and statements by counsel are not evidence.  The parties' attorneys are not witnesses.  What the attorneys have said in their opening statements, or in their closing arguments and at other times, is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way they have stated them, your memory of them controls.

(2)  Questions and objections by counsel are not evidence.  You should not be influenced by an objection or by the court's ruling on it.

(3)  Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

(4)  Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

FINAL INSTRUCTION NO. 11:

There are two kinds of evidence, direct and circumstantial.  A witness testifying to having actual knowledge of a fact and documents received in evidence constitute direct evidence. Circumstantial evidence is a chain of evidence from which you could find that another fact exists, even though no one directly testified as to that fact.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk.

Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

How much you believe evidence should not depend on whether it is direct or circumstantial, but on whether the evidence is trustworthy and reliable.  For that reason, you may find a fact has been proven by circumstantial evidence if that conclusion seems reasonable to you.

FINAL INSTRUCTION NO 12:

In deciding what the facts are, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account any number of factors, which may include the following:

1. Was the witness able to see, hear or know the things about which the witness testified?

2. How good is the witness's memory and is the witness able to testify clearly?

3. Was the witness's manner while testifying straightforward and convincing, or evasive and unconvincing?

4. Did the witness have an interest in the outcome of the case or any bias or prejudice concerning anyone or anything that mattered in the case, and if so, did that interest or bias affect the testimony?

5. How reasonable was the witness's testimony when you consider it in light of all the other evidence in the case?

6. Was the witness's testimony contradicted by what that witness said or did at another time, whether those statements are presented through live testimony or contained in documents introduced into evidence or by the testimony of other believable witnesses or evidence?

7. Are there any other factors that bear on believability?

In deciding whether or not to believe a witness, remember that people sometimes forget things or sometimes get confused.

Also remember that the weight of evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

13

FINAL INSTRUCTION NO 13:

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The deposition of Larry Ferrari was taken in August 2012.  A portion of that deposition was played in plaintiff's case-in-chief when Mr. Ferrari was unavailable on that day.

You should consider that deposition testimony, presented to you in court in lieu of live testimony on that day, insofar as possible, in the same way as if the witness had been present to testify.

FINAL INSTRUCTION NO. 14:

From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury by extending a recess.  Please understand that while you were waiting, we were working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done what we could to keep the number and length of these conferences to a minimum.  I did not always grant a party's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

1

FINAL INSTRUCTION NO. 15:

2        In general, the party having the burden of proof on an issue must prove it by a

3  "preponderance of the evidence."  The plaintiff has the burden of proof on her claims.  The

4  defendant has the burden of proof on its affirmative defenses.

5        Proof by a preponderance of the evidence means the evidence is more probably true than

6  not.  If the evidence as to any issue is evenly balanced, your finding upon that issue must be

7  against the party who had the burden of proving it.

8        In determining whether an issue has been proved by a preponderance of the evidence, you

9  should consider all the evidence having to do with that issue regardless of who produced it.

10       I will instruct you about the burden of proof in connection with the specific claims and

11  affirmative defenses.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FINAL INSTRUCTION NO. 16:

In this case, the plaintiff is Janis Trulsson.  The defendant is San Joaquin County.  Janis Trulsson has brought several different legal claims against San Joaquin County.  Janis Trulsson has not brought claims against San Joaquin County supervisory employees, such as the District Attorney, the Assistant District Attorney, or the Chief Investigator, individually.  However, any act or omission of a supervisory employee of San Joaquin County is considered to be the act or omission of San Joaquin County.  Thus, the alleged wrongful actions by a San Joaquin County agent on San Joaquin County's behalf may be imputed to San Joaquin County.

Each of the Janis Trulsson's claims is entitled to your separate consideration.  That is, you must decide independently as to each claim whether Janis Trulsson is entitled to recover and, if so, the amount.

The fact that Janis Trulsson may be entitled to your verdict on one claim does not mean that she is necessarily entitled to recover on another claim.

On the other hand, the fact that Janis Trulsson does not gain a verdict on one claim does not prevent your awarding a verdict on another claim.

FINAL INSTRUCTION NO. 17:

In this civil suit against San Joaquin County, Janis Trulsson brings four claims.  These claims are for:

1.   Gender Discrimination under Title VII of the Civil Rights Act of 1964;

2.   Gender Discrimination under California's Fair Employment and Housing Act ("FEHA");

3.   Retaliation under the FEHA; and

4.   Failure to Prevent Discrimination and Retaliation under the FEHA.

These claims are described in the following instructions.  Each claim involves a distinct set of elements.  Some elements are common to more than one claim.  That is, there are some things that Janis Trulsson must show to succeed on one claim that plaintiff must also show to succeed on one or more other claims.  Although the claims have some elements in common, you should consider each claim individually.  Janis Trulsson can succeed on any one claim only if she proves all of the elements of that claim.

Janis Trulsson's gender discrimination and retaliation claims challenge two independent employment decisions made by San Joaquin County: first, Janis Trulsson claims that San Joaquin County wrongfully laid her off, and second, Janis Trulsson claims that San Joaquin wrongfully did not appoint her to the Chief Investigator position.

You should consider each of these challenged employment decisions separately for each of Janis Trulsson's claims.  If, in considering a claim, you find that Janis Trulsson has met her burden as to either of the challenged employment decisions made by San Joaquin County, then your verdict should be for Janis Trulsson.  San Joaquin County has the burden of proving its affirmative defenses.  Your decision whether the parties have met their respective burdens must be unanimous.

The following instructions set forth the elements that the plaintiff must meet under each claim.

FINAL INSTRUCTION NO. 18:

In this civil suit brought by Janis Trulsson, San Joaquin County asserts two affirmative defenses:

1.      The same-decision defense, as discussed on pages 21 and 23; and

2.      Mitigation of damages defense, as discussed on page 34.

San Joaquin County has the burden of proof on its affirmative defenses by a preponderance of the evidence.  When a party has the burden of proof on an affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the affirmative defense is more probably true than not true.

FINAL INSTRUCTION NO. 19:

Janis Trulsson's first claim against San Joaquin County is for gender discrimination under Title VII of the Civil Rights Act of 1964.  The instructions on pages 20 to 21 apply to the Janis Trulsson's Title VII claim.

Janis Trulsson claims that her gender was a motivating factor for San Joaquin County's employment decisions.  San Joaquin County denies that Janis Trulsson's  gender was a motivating factor for San Joaquin County's employment decisions and further claims its employment decisions were based upon lawful reasons.

FINAL INSTRUCTION NO. 20:

Janis Trulsson must show that she was subjected to gender discrimination by proving that her gender was a motivating factor for San Joaquin County's employment decisions.  A motivating factor is a factor that "played a part in the employment decision."  Janis Trulsson meets her burden by proving at least one of the following:

    A.     That Janis Trulsson's gender was a motivating factor for San Joaquin County's decision to lay of her by proving both of the following elements by a preponderance of the evidence:

        1.  Janis Trulsson was laid off by San Joaquin County; and

        2.  Janis Trulsson's gender was a motivating factor in San Joaquin County's  decision to lay off Janis Trulsson.

As to A in this section, the parties agree 1 is established and you should accept it as proven.

    B.     That Janis Trulsson's gender was a motivating factor for San Joaquin County's decision to not appoint her by proving both of the following elements by a preponderance of the evidence:

        1.  Janis Trulsson was not appointed by San Joaquin County; and

        2.  Janis Trulsson's gender was a motivating factor in San Joaquin County's  decision to not appoint her.

As to B in this section, the parties agree 1 is established and you should accept it as proven.

If Janis Trulsson has proved the elements required to prove her Title VII claim as to either challenged employment decision, she is entitled to your verdict, even if you find that San Joaquin County's employment decisions were also motivated by lawful reasons.

If, however, San Joaquin County proves by a preponderance of the evidence that it would have made the same decisions even if Janis Trulsson's gender had played no role in the employment decisions, your verdict should be for San Joaquin County.

FINAL INSTRUCTION NO. 21:

 Janis Trulsson also claims that San Joaquin County wrongfully discriminated against her because of her gender in violation of the FEHA.  As explained above, this claim also relies on the two independent employment decisions, identified as A and B below, made by San Joaquin County.  To prove this claim, Janis Trulsson must prove at least one of the following:

 A. As to San Joaquin County's decision to lay off Janis Trulsson, that the following are proven by a preponderance of the evidence:

  1. That San Joaquin County was an employer;

  2. That Janis Trulsson was an employee of the County of San Joaquin;

  3. That San Joaquin County laid off Janis Trulsson;

  4. That Janis Trulsson's gender was a substantial motivating reason for San Joaquin County's decision to lay off Janis Trulsson;

  5. That Janis Trulsson was harmed; and

  6. That San Joaquin County's conduct was a substantial factor in causing Janis Trulsson's harm.

 For purposes of decision A, the parties agree that 1, 2 and 3 above are established, and you should accept them as proven.

 B. As to San Joaquin County's decision to not appoint Janis Trulsson to the Chief Investigator position, that the following are proven by a preponderance of the evidence:

  1. That San Joaquin County was an employer;

  2. That Janis Trulsson was an employee of San Joaquin County or otherwise available as a candidate;

  3. That San Joaquin County did not appoint Janis Trulsson to the Chief Investigator position;

  4. That Janis Trulsson's gender was a substantial motivating reason for San Joaquin County's decision to not appoint her to the Chief Investigator position;

  5. That Janis Trulsson was harmed; and

/////

22

6.  That San Joaquin County's conduct was a substantial factor in causing Janis
Trulsson's harm.

For the purposes of decision B, the parties agree that 1 and 3 above is established, and you
should accept it as proven.

If Janis Trulsson has proved the elements required to prove her FEHA gender
discrimination claim as to either challenged employment decision, she is entitled to your verdict,
unless San Joaquin County proves by a preponderance of the evidence that it would have made
the same decisions even if Janis Trulsson's gender had played no role in the employment
decisions; then Janis Trulsson will not be entitled to damages for her gender discrimination claim
under FEHA.

FINAL INSTRUCTION NO. 22:

Janis Trulsson further claims that San Joaquin County retaliated against her for complaining about gender discrimination in violation of the FEHA.  As explained above, Janis Trulsson's retaliation claim also relies on two independent employment decisions, identified as A and B below, made by San Joaquin County.   To prove this claim, Janis Trulsson must prove one of the following by a preponderance of the evidence:

A.      As to San Joaquin County's decision to lay off Janis Trulsson:

    1.   That Janis Trulsson complained about gender discrimination;

    2.   That San Joaquin County laid off Janis Trulsson;

    3.   That Janis Trulsson's complaints about gender discrimination were a substantial motivating reason for San Joaquin County's decision to lay off Janis Trulsson;

    4.   That Janis Trulsson was harmed; and

    5.   That San Joaquin County's conduct was a substantial factor in causing Janis Trulsson's harm.

As to A in this section, the parties agree 2 is established and you should accept it as proven.

B.      As to San Joaquin County's decision not to appoint Janis Trulsson to the Chief Investigator position:

    1.   That Janis Trulsson complained about gender discrimination;

    2.   That San Joaquin County did not appoint Janis Trulsson to the Chief Investigator position;

    3.   That Janis Trulsson's complaints about gender discrimination were a substantial motivating reason for San Joaquin County's decision to not appoint Janis Trulsson to the Chief Investigator position;

    4.   That Janis Trulsson was harmed; and

    5.   That San Joaquin County's conduct was a substantial factor in causing Janis Trulsson's harm.

24

As to B in this instruction, the parties agree 2 is established and you should accept it as proven.

If Janis Trulsson has proved the elements required to prove her FEHA retaliation claim as to either challenged employment decision, she is entitled to your verdict, even if you find that San Joaquin County's employment decisions were also motivated by lawful reasons.

25

1          FINAL INSTRUCTION NO. 23:

2          A "substantial motivating reason" is a reason that actually contributed to San Joaquin

3   County's employment decisions.  It must be more than a remote or trivial reason.  It does not

4   have to be the only reason motivating San Joaquin County's employment decisions.

1      FINAL INSTRUCTION NO. 24:

2          Janis Trulsson's final claim is that the San Joaquin County failed to take all reasonable

3   steps to prevent discrimination based on Janis Trulsson's gender and retaliation based on her

4   having made a complaint of gender discrimination.  This claim too relies on the same two

5   independent employment decisions, identified as A and B below.  To prove this claim, Janis

6   Trulsson must prove at least one of the following by a preponderance of the evidence:

7          A.      As to the defendant's failure to prevent discrimination:

8              1.   That Janis Trulsson was an employee of San Joaquin County;

9              2.   That Janis Trulsson was subjected to discrimination in connection with her

10                  employment;

11             3.   That San Joaquin County failed to take all reasonable steps to prevent gender

12                  discrimination against Janis Trulsson;

13             4.   That Janis Trulsson was harmed; and

14             5.   That San Joaquin County's failure to take reasonable steps to prevent discrimination

15                  was a substantial factor in causing Janis Trulsson's harm.

16          As to A in this instruction, the parties agree 1 is established and you should accept it as

17   proven.

18          B.      As to the defendant's failure to prevent retaliation:

19             1.   That Janis Trulsson was an employee of San Joaquin County;

20             2.   That Janis Trulsson was subjected to retaliation in connection with her employment;

21             3.   That San Joaquin County failed to take all reasonable steps to prevent the retaliation;

22             4.   That Janis Trulsson was harmed; and

23             5.   That the San Joaquin County's failure to take reasonable steps to prevent retaliation

24                  was a substantial factor in causing Janis Trulsson's harm.

25          As to B in this instruction, the parties agree 1 is established and you should accept it as

26   proven.

27          Reasonable steps may include affirmatively raising the subject of discrimination and

28   retaliation, expressing strong disapproval, developing appropriate sanctions, informing employees

27

of their right to raise and how to raise the issue of discrimination and retaliation under law, and developing methods to sensitize all concerned.

If you find that Janis Trulsson meets her burden as to either challenged decision, then your decision should be for Janis Trulsson.  If you find that Janis Trulsson has failed to meet her burden as to either challenged decision, then your decision should be for San Joaquin County.

28

FINAL INSTRUCTION NO. 25:

After instructing you about Janis Trulsson's claims, it is the duty of the court to instruct you about the measure of damages.  By instructing you on damages, the court does not mean to suggest for which party your verdict should be rendered.

If you find for Janis Trulsson on her discrimination, retaliation, or failure to prevent discrimination and/or retaliation claims, you must determine her damages.  Janis Trulsson has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate Janis Trulsson for any harm or loss you find was caused by San Joaquin County.   You should consider the following:

1.  The nature and extent of any harm;

2.  Any loss of enjoyment of life experienced;

3.  Any mental, physical, and emotional pain and suffering experienced; and

4.  The reasonable value of wages which with reasonable probability will be lost in the future

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

29

FINAL INSTRUCTION  NO. 26:

The amount of damages you may award may be different depending on which claim is involved.  Janis Trulsson is only entitled to recover on each employment decision once, even if it is possible to recover for that employment decision under two or more claims.  So you must decide what damages are due on each claim for which you find San Joaquin liable, if any, and fill in the verdict forms so that Janis Trulsson gets one award for each employment decision.

30

FINAL INSTRUCTION  NO. 27:

The damages claimed by Janis Trulsson for the harm caused by San Joaquin County fall into two categories called economic damages and non-economic damages.  You will be asked on the verdict forms to state the two categories of damages separately.

FINAL INSTRUCTION  NO. 28:

The following are the specific items of economic damages claimed by Janis Trulsson:

1.      Past lost earnings.  To recover damages for past lost earnings, Janis Trulsson must prove the amount of income, earnings, salary, and wages that she has lost to date.

2.      Future lost earnings.  To recover damages for future lost earnings, Janis Trulsson must prove the amount of income, earnings, salary, and wages she will be reasonably certain to lose in the future as a result of the harm.  The amount of damages for future harm must be reduced to present cash value.  This is necessary because money received now is assumed, through investment, to grow to a larger amount in the future.  San Joaquin must prove the amount by which future damages should be reduced to present value.

To find present cash value, you must determine the amount of money that, if reasonably invested today, will provide the plaintiff with the amount of her future loss.

FINAL INSTRUCTION  NO. 29:

The following are the specific items of non-economic damages claimed by Janis Trulsson:

Past and future mental suffering, loss of enjoyment of life, inconvenience, grief, anxiety, humiliation and/or emotional distress.

No fixed standard exists for deciding the amount of these noneconomic damages.  You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

To recover for future emotional distress, Janis Trulsson must prove that she is reasonably certain to suffer that harm.

Noneconomic damages are not reduced to present cash value.

1         FINAL INSTRUCTION  NO. 30:

2    An employee who is terminated from employment has a duty to take steps to minimize the

3 loss from her termination by making reasonable efforts to find comparable, or substantially

4 similar, employment to that of which the employee has been deprived.

5    If the employee through reasonable efforts could have found comparable employment,

6 any amount that the employee could reasonably have earned by obtaining comparable, or

7 substantially similar, employment through reasonable efforts should be deducted from the amount

8 of damages awarded to the employee.

9    The employer has the burden of proving by a preponderance of the evidence that any

10 alleged other employment was comparable, or substantially similar, to that employment of which

11 the employee was deprived.  The employee's rejection of or failure to seek other available

12 employment of a different or inferior kind may not be resorted to in order to mitigate damages.

13 Substantially similar employment includes, but is not limited to, virtually identical promotional

14 opportunities, compensation, job responsibilities, working conditions and status as the position

15 from which the employee terminated.

16

17

18

19

20

21

22

23

24

25

26

27

28

FINAL INSTRUCTION NO 31:

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

FINAL INSTRUCTION NO 32:

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous as to each independent act allegedly committed by the defendant.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

FINAL INSTRUCTION NO 33:

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

FINAL INSTRUCTION NO. 34:

Verdict forms have been prepared for you.  After you have reached unanimous agreement on the verdict forms, your presiding juror will fill in the forms that have been given to you, sign and date them, and advise the court that you are ready to return to the courtroom.